UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAVON C. CLARK,<br><br>Defendant. | No. 2:11-CR-0173-LRS-1<br><br>**MEMORANDUM OPINION RE: SENTENCING** |

This court's 2012 sentence was vacated by the Ninth Circuit Court of Appeals and remanded so that the court "may apply the teachings of" *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015) and *U.S. v. Sullivan*, 797 F.3d 623, 640-41 (9th Cir. 2015). This memorandum opinion memorializes and supplements the court's oral rulings on the Defendant's objections to the Presentence Investigative Report regarding the statutorily mandated minimum penalties and the calculation of the sentencing guidelines. The opinion also reiterates the court's expressed consideration of the factors under 18 U.S.C. § 3553(a).

///

ORDER - 1

# BACKGROUND

Cavon Clark pleaded guilty to producing child pornography, in violation of 18 U.S.C. §2251(b)(1) and transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1). At sentencing, the court adopted the Presentence Investigation Report without change and found that Defendant's Washington state convictions for Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct under Wash.Rev.Code § 9.68A.070(2005) qualified for the recidivist sentencing enhancements under 18 U.S.C. § 2251(e) and 18 U.S.C. §2252A(b)(1). These enhancements mandated a sentence of at least 35 years' and 15 years' imprisonment. On November 15, 2012, the court sentenced the Defendant to serve 55-year and 30-year terms for the respective counts, to be served concurrently.

Defendant appealed his sentence to the Ninth Circuit Court of Appeals. The case was argued on April 8, 2014. On February 9, 2015, the Ninth Circuit panel vacated submission of the case pending the Supreme Court's decision in *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015). On June 1, 2015, the Supreme Court rendered its decision in *Mellouli*. On July 29, 2015, the Ninth Circuit decided *U.S. v. Sullivan*, 797 F.3d 623 (9th Cir. 2015). One year later, after supplemental briefing on the impact of *Mellouli* and *Sullivan*, the Ninth Circuit filed its Memorandum Disposition vacating the Judgment and remanding the case for resentencing. The court unanimously found that this court had committed error in determining application of

the recidivist sentencing enhancement under §2251(e), because it had not "restrict[ed] its analysis to the elements of the crime, as required by the categorical approach." 2016 WL 3924394, *1. Judge Bea, in dissent, wrote that the categorical analysis could be performed without further fact finding and therefore he would have determined that Defendant's convictions under Wash.Rev.Code §9.68A.070(2005) mandated a sentence of at least 35 years' imprisonment. *Id* at *2.

## DISCUSSION

**A.    U.S. Sentencing Guideline Offense Level Calculation and §2G2.1 Enhancements**

Defendant objects to the Guideline calculation utilizing four offense level enhancements under U.S.S.G. §2G2.1(b)(1)(A)(minor who had not attained the age of 12), §2G2.1(b)(5)(parental relationship to the minor victim), §2G2.1(b)(4)( sadistic or masochistic conduct or other depictions of violence enhancements), and §3A1.1(b)(vulnerable victim). He argues that "in concert," their application constitutes impermissible double counting because they all relate to involvement of a child, a fact also inherent in both convictions. The court overrules this objection. *See U.S. v. Soterau*, 524 F.3d 988 (9th Cir. 2008)(double counting is not always impermissible; it is sometimes authorized and intended by the Sentencing Guidelines when invocation of the behavior serves a unique purpose under the Guidelines). Each enhancement accounts for different aspect of Defendant's offense conduct and they are all authorized and intended by the Guidelines.

ORDER - 3

B. **Recidivist Enhancement Provisions**

*1. Wash. Rev. Code §9.68A.070 (2005) is a Predicate Offense under 18 U.S.C. §2251(e) and 18 U.S.C. §2252A(b)(1)*

Defendant objects to the application of the multiple conviction enhancements under the recidivist-enhancement schemes of the statutes of conviction. As to the production count, 18 U.S.C. §§ 2251(e) provides:

> (e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), *or under the laws of any State relating to the sexual exploitation of children*, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.

18 U.S.C. §2251(e)(emphasis added). As to the transportation count, 18 U.S.C. §2252A(b)(1) provides:

> (b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), *or under the laws of any State relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, *possession*, receipt, mailing, sale,

ORDER - 4

distribution, shipment, or transportation *of child pornography*, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

18 U.S.C. §2252A(b)(1)(emphasis added).

In 2005, Defendant pleaded guilty to two counts under Wash. Rev. Code § 9.68A.070 (2005). That statute provided:

> [a] person who knowingly possessed visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a Class C felony.

Defendant contends his convictions do not qualify for the recidivist sentencing enhancements under §2251(e) and §2252A(b)(1) because Wash.Rev.Code §9.68A.070 is overbroad under the categorical approach defined by *Taylor v. United States*. Defendant contends it is neither a categorical match to the federal offense under 18 U.S.C. §2251 (entitled "Sexual exploitation of children") or the federal definition of possession of child pornography under 18 U.S.C. §2252A(a)(5)(B). He notes the state law definition of "sexually explicit conduct" punishes visual depictions which fall outside the federal definition of child pornography. Defendant contends a narrow construction of the law is consistent with *Taylor* and its progeny, and avoids constitutional pitfalls.

The court rejects Defendant's argument that a prior conviction triggers a sentencing enhancement under § 2251(e) or § 2252A(b)(1) only if the statutory definition of the prior offense is equivalent to a federal generic definition of the

ORDER - 5

described offense. The phrase "relating to" does not mandate equivalence. *Sullivan v. United States* held:

> Unlike our usual categorical approach, however, the federal statutes here do not require us to find that the state conviction is categorically the same as any particular federal offense, but only that the state conviction is one categorically "relating to" such federal offenses. We have held that the phrase "relating to" generally has a broadening effect on what follows. For example, in the context of similar language in 18 U.S.C. § 2252A(b), we held that the phrase 'relating to' 'does not simply mandate a sentencing enhancement for individuals convicted of state offenses equivalent to sexual abuse.' 'Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense.' This interpretation is consistent with Supreme Court precedent, which has broadly defined the term 'relating to' as 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.' Accordingly, we reject Sullivan's argument that a prior conviction triggers a sentencing enhancement under § 2251(e) or § 2252(b)(2) only if the statutory definition of the prior offense is equivalent to a federal generic definition. Indeed, requiring such equivalence would render the words "relating to" in § 2251(e) and § 2252(b)(2) meaningless.

*United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015) (internal quotation marks and citation omitted), cert. denied, 136 S.Ct. 2408 (2016).

Following *Sullivan*, the use of the term "relating to" in this context mandates the enhancement for any state offense that stands "in some relation, bears upon, or is associated with that generic offense." *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015) (internal quotation marks and citation omitted), cert. denied, ––– U.S. ––––, 136 S.Ct. 2408, 195 L.Ed.2d 783 (2016). Although the term "sexual exploitation of children" is not defined in the statute, its ordinary meaning unambiguously encompasses using children in child pornography. *See Ashcroft v.*

*Free Speech Coalition*, 535 U.S. 234 (2002); *Osborne v. Ohio*, 495 US. 103 (1990)(a "state has compelling interests in protecting the physical and psychological well-being of minors and destroying the market for the exploitative use of children by penalizing those who possess and view the offending materials."). Black's Law Dictionary (10th ed. 2014) defines "sexual exploitation" as "[t]he use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity."

Defendant's state law crime of the knowing possession of "visual or printed matter depicting a minor engaged in sexually explicit conduct," is associated with and bears upon the sexual exploitation of children and the possession of child pornography. Support for this conclusion is found in Congressional findings underlying §2251, aptly described by the Third Circuit:

> The congressional findings underlying § 2251 repeatedly stress that child pornography 'is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved.' Congress found that 'where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years.' Moreover, 'Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere 'existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children.''

*United States v. MacEwan*, 445 F.3d 237, 250 (3rd Cir.2006) (citing the Child Pornography Prevention Act of 1996, Pub.L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996)).

ORDER - 7

Judge Bea, in his dissent, also agrees:

> In my view, possession of child pornography "stands in some relation, bears upon, or is associated with" using children in pornography. *See Osborne v. Ohio*, 495 U.S. 103, 110–11, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (permitting states to "proscribe the possession and viewing of child pornography" in part because "it is now difficult, if not impossible, to solve the child pornography problem by only attacking production and distribution"; "encouraging the destruction of these materials is ... desirable because evidence suggests that pedophiles use child pornography to seduce other children into sexual activity"); *United States v. Adams*, 343 F.3d 1024, 1032–34 (9th Cir. 2003) (upholding the federal ban on possessing child pornography because even wholly intrastate possession of child pornography affects the national market for such pornography, and a ban on possession attacks the production and distribution of child pornography).

2016 WL 3924394, *2. Though Defendant remarks upon the punitiveness of the law, it bears emphasis that Congress bears primary responsibility for making the difficult policy choices that underlie the criminal penalty schemes. The cases cited by Judge Bea, *Osborne* and *Adams*, both recognize these considerations. Sections 2251(e) and §2252A(b)(1) are intended to combat repeat participants in the multimillion dollar child pornography industry.

Defendant asks this court to disregard *Sullivan* because it involved the single conviction enhancement, not the double conviction enhancement. Defendant argues that Congress deliberately intended fewer federal offenses to qualify for enhancement under the multiple-conviction enhancement than to qualify under the single-conviction enhancement. Defendant's arguments were extensively briefed to this court, and previously to the Ninth Circuit and to the Supreme Court in the

ORDER - 8

Federal Defenders' amicus brief in support of the petition for certiorari in *Sullivan v United States*, 2016 WL 826331.

Abiding by *Sullivan* in this case and according an "ordinary, contemporary and common meaning of the statutory words," does not involve a statutory construction of the law "beyond its breaking point," as in *Mellouli*. Nothing in the statutes' texts or histories "tug[] in favor of a narrower reading" or a radical narrowing of the universe of state qualifying offenses. Notably, the sentencing enhancement in § 2251 was enacted in 1978. See Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, § 2(a), 92 Stat. 7 (Feb. 6, 1978), codified at 18 U.S.C. § 2251(c). Since then, it has been regularly updated. If Congress had intended to narrow the scope of the statute or its qualifying convictions, it could have explicitly done so by replacing its terms with the federal statutory references urged by Defendant, as exists elsewhere in these statutes and others, such as in *Mellouli*. This court is not persuaded, that Congress, in 2006, while seeking to increase the penalties for sexual offenses against children, amended the single conviction enhancement to ensure certain crimes were included and impliedly narrowed the double conviction enhancement through its silence. The Supreme Court has recognized that, absent circumstances dictating otherwise, congressional silence is, at best, a tenuous ground upon which to justify a particular statutory construction. *See Cmty. for Creative Non–Violence v. Reid*, 490 U.S. 730,

749 (1989) ("Ordinarily, 'Congress' silence is just that—silence.") (*quoting Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 686 (1987)).

Beyond *Sullivan*, there is nationwide agreement post-*Mellouli* that "relating to" has an expansive meaning in this context. The Sixth, Eighth, Tenth, and Eleventh Circuits have each affirmed that "relating to" remains broad in this context. *United States v. Miller*, 819 F.3d 1314, (11th Cir.2016); *United States v. Sumner*, 816 F.3d 1040, 1043–44 (8th Cir.2016) (affirming the broad interpretation of "relating to" from *United States v. Weis*, 487 F.3d 1148, 1152 (8th Cir. 2007)); *United States v. Mateen*, 806 F.3d 857, 860–61 (6th Cir. 2015), cert. denied, 136 S.Ct. 1688 (2016) ("While enhancing a sentence for a prior federal offense under section 2252(b)(2) requires an offender to commit a specified crime, including crimes listed in chapter 109A, a prior state conviction requires only that the defendant have been convicted of a state offense 'relating to ... sexual abuse.' " (*quoting United States v. Barker*, 723 F.3d 315, 322 (2d Cir. 2013))); *U.S. v. Bennett*, 823 F.3d 1316 (10th Cir. 2016).

The court concludes a conviction under Wash. Rev. Code § 9.68A.070 (2005) for one who "knowingly possessed visual or printed matter depicting a minor engaged in sexually explicit conduct," qualifies as a predicate triggering an enhanced sentence under § 2251(e) and § 2252A(b).

///

///

ORDER - 10

**2.** *Multiple Conviction Enhancements Apply*

The sole remaining question is how severe a sentence enhancement is merited. If Defendant's guilty plea to two counts of possession of child pornography under Washington law is considered as a single conviction, the law prescribes a 25-year minimum sentence on the production count and 5-year minimum on the transportation count. If they count as two convictions, as the Government contends, then the law compels 35-year and 15-year minimums.

This issue was extensively briefed before the Ninth Circuit and this court. The panel majority's decision did not address this issue. However, the court notes that in his dissent, in a footnote, Judge Bea expressed concurrence with this court's previous decision that each count qualified as a separate conviction, citing *U.S. v. Maxey*, 989F.2d 303 (9th Cir. 1993) and *Deal v. U.S.*, 508 U.S. 129 (1993).

The plain language of the statute provides for increased sentences based upon the number of prior "convictions." Though the term "conviction" is not defined, the statute does not provide any exception for treating two convictions for which concurrent or consolidated sentences were imposed as anything other than two separate convictions. Moreover, there is no indication in the legislative history that Congress considered this question. *See discussion, U.S. v. Randolf*, 364 F.3d 118, 122 (3rd Cir. 2004).

The Ninth Circuit has long held that multiple-count convictions arising from separate criminal episodes are treated as separate predicate convictions for purposes of enhancement of sentences, even if the prior offenses were disposed of in a single judicial proceeding. *United States v. Liqouri*, 5 F.3d 435, 437–38 (9th Cir.1993) (holding that drug offenses committed weeks apart but sentenced concurrently counted as two distinct "criminal episodes" and therefore two separate prior convictions); *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir.1993) (holding that drug offenses "that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing" for purposes of Armed Career Criminal Act); *see also, United States v. Randolph*, 364 F.3d 118, 123 (3d Cir.2004) (holding that convictions from separate criminal episodes of child molestation are counted as separate convictions under 18 U.S.C. § 2251(d)). "The fact that all are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a 'single' criminal episode, particularly where the episodes occur over time." *Maxey*, 989 F.2d at 307.

Defendant's 2005 state court Judgment and Sentence reflects two convictions based upon conduct separated by 7 months' time (November 2004 and July 2005). The discovery showed the offense involved separate devices obtained from separate locations. Defendant asks this court to speculate that "one count could just as easily

ORDER - 12

have been charged" because the "images were obtained and possessed via email" on two separate computers (ECF No. 160 at 37-38, 41) and therefore, it is "highly likely" "the two computers contained the exact same set of images." (ECF No. 160 at 43). Even if the court could assume that his offenses involved the same victims and as argued by Defendant that "the act of *collecting* images was done in the same manner over a period of time," ECF No. 160 at 42, the Defendant's crimes were committed sequentially, not simultaneously. Child pornography offenses are committed using internet connected devices and it is the perpetual nature of transaction of the images which causes a significant, separate, and continuing harm to victims. The Defendant's decision to download on different dates to different media represents a new volitional departure from the law. Accordingly, a finding of two convictions under §2251(e) does not exaggerate his criminality and also satisfies this court's sense of fundamental fairness and uniformity in application of the enhancement in individual cases.

C.  **SECTION 3553(a) FACTORS**

The court emphasizes that in rendering its sentence a second time the court has carefully re-considered the 18 U.S.C. §3553(a) factors anew, under the facts and the body of case law of today. In four years, very little has changed. Defendant's crime of violence involves reprehensible conduct that was aimed at victimizing one of society's most vulnerable members: a young child. The nature of Defendant's

conduct is revolting to most members of society. Defendant not only fantasized about but actually carried to completion his alleged goal to use his daughter for his own sexual gratification. Her extremely young age and the potential she may have no memory of the crime does not provide any basis to overlook or minimize the personal and societal impact on the victim and society.

The court has considered the history and characteristics of the Defendant including his troubled past and his current efforts to better his life by participation in programming and leadership roles while incarcerated. The court has considered the need for the sentence imposed to reflect the seriousness of the offense, respect for the law and to provide just punishment. The Guideline remains life. It is merely advisory, and courts have the freedom to sentence below the child-pornography Guidelines, but are not required to do so. *See United States v. Huffstatler*, 561 F.3d 694, 697–98 (7th Cir.2009) ("while district courts perhaps have the freedom to sentence below the child-pornography Guidelines based on disagreement with the Guidelines, they are certainly not required to do so."). Defendant relies on an interesting paper by federal public defender Troy Stabenow, <u>Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines</u> (Jan. 1, 2009) (attached as ATT B to ECF 164), and cases that have cited it. The Eleventh Circuit has reviewed the appeal of a defendant convicted of the production of child pornography who also sought to rely on

ORDER - 14

Stabenow's article. *United States v. Dean,* 635 F.3d 1200 (11th Cir. 2011). In *Dean*, the Eleventh Circuit distinguished between a "typical downloader" of child pornography, who has had no direct connection to the materials or the abuse of children, and someone who actually has contact with and abuses children to create child pornography. Defendant Dean was in the latter category, as he had sexually abused his stepdaughter and filmed the episodes of abuse to generate pornographic films. *Dean*, 635 F.3d at 1212. The court further noted that "[n]ot one of the sources [Dean] cites supports the argument that the Guidelines are too harsh with respect to perpetrators who assault children to produce pornography." *Id.* As was the case in *Dean*, Defendant has produced child pornography and has not identified a single source taking the position that the Guidelines are flawed as applied to individuals who create child pornography.

Defendant did not idly collect child pornography. He engaged in the highly disturbing act of the creation and distribution of child pornography, repeatedly sexually abusing his own infant daughter. One must not disregard the trauma the impact such trading has at it continues to drive the demand for new images, and thus new abuses on children. As the Supreme Court has observed:

> The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child....It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults. Sexual molestation by

ORDER - 15

> adults is often involved in the production of child sexual performances. When such performances are recorded and distributed, the child's privacy interests are also invaded....The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children.... [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.

*New York v. Ferber*, 458 U.S. 747, 758-759 (1982)(citations omitted).

This court has carefully considered sentences rendered across the district, circuit and country. Sentences up to life have been repeatedly upheld. *See e.g., U.S. v. Shouse*, 755 F.3d 1104 (9th Cir. 2014)(affirming 480-month Guideline sentence for one count of production involving sadistic or masochistic photos and videos with 3-year old female); *United States v. Sholds*, 827 F.3d 758 (8th Cir. 2016) ( affirming mid-line Guideline sentence of 960-months for four video recordings of himself vaginally or anally penetrating two-year old victim); *U.S. v. Clarke*, 831 F.3d 1024 (8th Cir. 2016)(despite record of steady employment and no criminal history, affirming 360-month sentence for production and attempted production of child pornography where Defendant victimized two girls, including his own biological daughter); *U.S. v. Starko*, 735 F.3d 989 (7th Cir. 2013)(upholding court's rejection of mitigating role of mental illness and two concurrent 360-month terms of imprisonment for each production count involving 5-year old victim who lived in the same home); *U.S. v. Bour*, 804 F.3d 880 (7th Cir. 2015)(affirming life sentence in case involving series of assaults on a baby which was intended to send strong

ORDER - 16

public message against baby pornography and to ensure the defendant would never leave prison because of the horrific risk).

Having considered all of the applicable mandatory penalties, the Guideline calculation, and the §3553(a) factors, the court concludes incarceration for a concurrent period of 55 years on Count 1 and 30 years on Count 2, with a lifetime term of supervised release, is not excessive and is warranted.

The District Court Executive is directed to enter this order and provide copies to counsel, the U.S. Marshals, as well as the U.S. Probation Office.

**DATED** this 13th day of December, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 17